USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/17/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ONE THOUSAND & ONE VOICES AFRICA FUND I INVESTORS, L.P., ONE THOUSAND & ONE VOICES AFRICA FUND I INVESTORS, LTD., and ONE THOUSAND & ONE VOICES MANAGEMENT, LLC,

Plaintiffs,

-against-

AFRICA INVESTMENTS, LLC and TIP FOUNDERS, LLC,

Defendants.

1:24-cv-3302 (MKV)

**ORDER DENYING "EMERGENCY" APPLICATION**

MARY KAY VYSKOCIL, United States District Judge:

On May 16, 2024 at 1:18 p.m., Plaintiffs filed an "Emergency Letter" on the docket, requesting an emergency stay by 2 p.m. of an April 15, 2024 Order (the "April 15 Order") of the Grand Court of the Cayman Islands (the "Grand Court"). [ECF No. 28]. Although styled as a letter, Plaintiffs, in essence, seek an immediate temporary restraining order, enjoining the enforcement of the April 15 Order. For the following reasons, Plaintiffs' request is DENIED.

As an initial matter, Defendants assert that Plaintiffs failed to confer with Defendants in connection with its Emergency Letter and filed the letter without first notifying defense counsel. [ECF No. 29]. The Court notes that, if true, Plaintiffs acted in direct violation of the Local Rules and this Court's Individual Rules which require that "[a] party must confer with his or her adversary before making an application for a temporary restraining order unless the requirements of Fed. R. Civ. P. 65(b) are met," "so that the Court may have the benefit of advocacy from both sides in deciding whether to grant temporary injunctive relief." *See* Individual Rule 6.B. Plaintiffs may not attempt to flout this Court's Individual Rules simply by styling a request for a temporary restraining order as an emergency "letter."

Nevertheless, as the Court previously established in its May 15, 2024 Scheduling Order, Plaintiffs have not demonstrated the need for expedited relief or an expedited briefing schedule such that the Court is prepared to enjoin a sovereign court's orders. That Plaintiffs' request seeks to enjoin an order that was issued *more than a month ago* belies any claim of an "emergency."

Moreover, Plaintiffs "emergency" centers around a request by the Grand Court Appointees, who are not parties to this action, that Plaintiffs return a certain amount of money that Plaintiffs transferred to their counsel. In other words, the emergencies that Plaintiffs raise in their letter seek relief against strangers to this action over whom the Court has no jurisdiction—not the Grand Court or the Defendants.

Finally, Plaintiffs concede that the money "is being held intact, and has not been depleted in any way" [ECF No. 28], and therefore, Plaintiffs cannot demonstrate irreparable harm warranting Plaintiffs' requested relief. *See New York v. United States Dep't of Homeland Sec.*, 969 F.3d 42, 86 (2d Cir. 2020) (irreparable harm must be of a type "that cannot be remedied by an award of monetary damages.").

Accordingly, Plaintiffs' request for an emergency stay of the April 15 Order is DENIED. The parties shall proceed on the briefing schedule set forth in ECF No. 27 with respect to Plaintiffs' pending motion for a Preliminary Injunction and Declaratory Relief.

**SO ORDERED.**

Date: May 17, 2024
New York, NY

_____
**MARY KAY VYSKOCIL**
**United States District Judge**